**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No. 09-cv-01955-REB

MILDRED CHAMBLIN,

     Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

     Defendant.

---

**ORDER REVERSING DISABILITY**
**DECISION AND REMANDING TO COMMISSIONER**

---

**Blackburn, J.**

     The matter before me is plaintiff's **Complaint** [#3], filed August 18, 2009, seeking review of the Commissioner's decision partially denying plaintiff's claim for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I reverse and remand.

## I. FACTUAL AND PROCEDURAL BACKGROUND

     Plaintiff alleges that she is disabled as a result of schizophrenia. After her applications for disability insurance benefits and supplemental security income benefits were denied, plaintiff requested a hearing before an administrative law judge. This hearing was held on December 5, 2008. At the time of the hearing, plaintiff was 43 years old. She has a high school education plus two years of college and past relevant

work experience in clerical positions. She has not engaged in substantial gainful activity since January 1, 2004, her alleged date of onset.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability insurance benefits or supplemental security income benefits. Although the medical evidence established that plaintiff's schizophrenia constituted a severe impairment, the judge concluded that the severity of that impairment did not meet or equal any impairment listed in the social security regulations.[1] The ALJ found that plaintiff had the residual functional capacity to perform a full range of work at all exertional levels but was limited to requiring that she understand, remember, and carry out only simple instructions and have only occasional contact with co-workers, supervisors, and the public. Although this finding precluded plaintiff's past relevant work, the ALJ determined that there were other jobs existing in significant numbers in the national and local economies that plaintiff could perform. He therefore found plaintiff not disabled at step five of the sequential evaluation. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal court.

## II. STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if her physical and/or mental impairments preclude her from performing both her previous work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). "When a claimant has one or more severe impairments the Social

---

[1] Plaintiff also asserted disability on the basis of diabetes and hypertension, but these impairments were found not severe. (Tr. 16.)

Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." ***Campbell v. Bowen***, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)). However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months. ***See Kelley v. Chater,*** 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

1.  The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2.  The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3.  The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4.  If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.

5.  If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(b)-(f).  **See also Williams v. Bowen** 844 F.2d 748, 750-52 (10th Cir. 1988).  The claimant has the initial burden of establishing a disability in the first four steps of this analysis.  **Bowen v. Yuckert**, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987).  The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy.  **Id.**  A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis.  **Casias v. Secretary of Health & Human Services**, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence.  **Hamilton v. Secretary of Health and Human Services**, 961 F.2d 1495, 1497-98 (10th Cir. 1992); **Brown v. Sullivan**, 912 F.2d 1194, 1196 (10th Cir. 1990).  Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion.  **Brown**, 912 F.2d at 1196.  It requires more than a scintilla but less than a preponderance of the evidence.  **Hedstrom v. Sullivan**, 783 F.Supp. 553, 556 (D. Colo. 1992).  "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion."  **Musgrave v. Sullivan**, 966 F.2d 1371, 1374 (10th Cir. 1992).  Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence."  **Thompson v. Sullivan**, 987 F.2d 1482, 1487 (10th Cir. 1993).  Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner.  **Id.**

4

## III. LEGAL ANALYSIS

Plaintiff alleges numerous grounds of error in this appeal. Without addressing the validity *vel non* of those arguments, I note that subsequent to the ALJ's decision in this case, plaintiff was awarded supplemental security income benefits for a period beginning just mere weeks after the ALJ issued his decision in this case. (**Plaintiff's Disclosure of Subsequent Application**, App. Exh. C [#8], filed October 27, 2009.)[2] By that decision, the Commissioner concluded that plaintiff was presumptively disabled and therefore entitled to benefits pursuant to section 12.03 of the Commissioner's Listing of Impairments, entitled "Schizophrenic, Paranoid, and Other Psychotic Disorders." ***See*** 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.03.[3]

Federal district courts have concluded that "where a second social security application finds a disability commencing at or near the time a decision on a previous application found no such disability, the subsequent finding of a disability may constitute new and material evidence," justifying remand. ***Hayes v. Astrue***, 488 F.Supp.2d 560, 565 (W.D. Va. 2007). ***See also Breaux v. Astrue***, 2010 WL 2733398 at *2 (E.D. La. June 16, 2010), ***adopted***, 2010 WL 2733330 (E.D. La. July 8, 2010); ***Floyd v. Astrue***, 2010 WL 2326508 at *3 (E.D.N.C. Apr. 26, 2010), ***adopted***, 2010 WL 2325606 (E.D.N.C. June 8, 2010); ***Luna v. Astrue***, 2008 WL 2559400 at *2 (D. Ariz., June 23,

---

[2] Plaintiff did not file a subsequent application for disability insurance benefits, as her entitlement to such benefits expired on September 30, 2007.

[3] This Listing covers mental impairments "[c]haracterized by the onset of psychotic features with deterioration from a previous level of functioning." Such disorders are presumptively disabling "when the requirements in both A and B are satisfied, or when the requirements in C are satisfied." It appears that plaintiff was found disabled under paragraphs A & B, as suffering from delusions resulting in marked difficulties in maintaining social functioning and maintaining concentration, persistence, or pace. (**See Plaintiff's Disclosure of Subsequent Application** App., Exh. C at 6.)

2008); ***Wetselline v. Astrue***, 2008 WL 1994930 at *2 (W.D. Okla. May 5, 2008);

***Reichard v. Barnhart***, 285 F.Supp.2d 728, 734 (S.D. W.Va. 2003); ***Graham v.***

***McMahon***, 2007 WL 2021893 at *2 (W.D. Va. July 6, 2007).  Although such a

determination is not preclusive, since it may involve "different medical evidence, a

different time period, and a different age classification," ***Hayes***, 488 F.Supp.2d at 565

(quoting ***Bruton v. Massanari***, 268 F.3d 824, 827 (9th Cir. 2001)) (internal quotation

marks omitted), I note that the more recent application was granted based in part on the

same consultative examination, performed by Dr. Frederick Leidal in 2007, that was part

of the record before the ALJ in this case.  (***See*** Tr. 227-231; **Plaintiff's Disclosure of**

**Subsequent Application**, App. Exh. C at 5.)  It was premised further on the

consistency between that opinion and the findings of a subsequent psychiatric

consultative examination by Dr. Stuart L. Kutz, Jr.  (**Plaintiff's Disclosure of**

**Subsequent Application**, App. Exh. C at 5.)   Moreover, there is no dispute that

plaintiff has suffered from schizophrenia since age 19, well prior to her alleged date of

onset.  ***Cf. Allen v. Commissioner of Social Security***, 561 F.3d 646, 654 (6th Cir.

2009).

   In light of these considerations, I find and conclude that remand is appropriate to

allow the Commissioner to determine whether the new and material evidence submitted

in connection with plaintiff's subsequent successful claim for benefits would change the

outcome of the disability determination.[4]  Although plaintiff requests a directed award of

benefits, I do not find that this case presents an appropriate occasion for the exercise of

_____

   [4]  I do not intimate by this ruling that plaintiff is or should be found disabled for the period covered
by her initial applications.

my discretion to direct an award of benefits in plaintiff's favor. ***See Nielson v. Sullivan***, 992 F.2d 1118, 1122 (10th Cir. 1993). Moreover, I find nothing in the record to suggest that reassignment to a different ALJ on remand should be recommended, ***see Sarchet v. Chater***, 78 F.3d 305, 309 (7th Cir. 1996), much less required, ***see*** 20 C.F.R. § 404.940; ***Sutherland v. Barnhart***, 322 F.Supp.2d 282, 292 (E.D.N.Y. 2004).

**THEREFORE, IT IS ORDERED** as follows:

1. That the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **REVERSED**;

2. That this case is **REMANDED** to the ALJ for further consideration and reevaluation of his disability decision in light of the subsequent determination that plaintiff is presumptively disabled; and

3. That plaintiff is **AWARDED** her costs, to be taxed by the Clerk of the Court pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1 and 28 U.S.C. § 2412(a)(1).

Dated September 24, 2010, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge